IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RIKI O'HAILPIN, NINA ARIZUMI, ROBERT ESPINOSA, ERWIN YOUNG, PUANANI BADIANG, SABRINA FRANKS, and RONALD LUM, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAIIAN AIRLINES, INC. AND HAWAIIAN HOLDINGS, INC.,<br><br>Defendants. | CIVIL NO. 22-00007 JAO-KJM<br><br>ORDER (1) DENYING PLAINTIFFS' MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS PENDING INTERLOCUTORY APPEAL AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS |

**ORDER (1) DENYING PLAINTIFFS' MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS PENDING INTERLOCUTORY APPEAL AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court are (1) Plaintiffs Riki O'Hailpin ("O'Hailpin"), Nina Arizumi ("Arizumi"), Robert Espinosa ("Espinosa"), Erwin Young ("Young"), Puanani Badiang ("Badiang"), Sabrina Franks ("Franks"), and Ronald Lum's ("Lum") (collectively, "Plaintiffs") Motion for Stay of District Court Proceedings Pending Interlocutory Appeal, ECF No. 48, and (2) Defendants Hawaiian Airlines, Inc. and Hawaiian Holding Inc.'s (collectively, "Defendants") Motion to Dismiss,

ECF No. 47.  For the following reasons, the Court DENIES Plaintiffs' Motion for Stay and GRANTS Defendants' Motion to Dismiss.

## BACKGROUND

As the Court and the parties are familiar with the factual background, the Court recounts only those facts necessary to address this Motion.

Plaintiffs commenced this action on January 5, 2022, asserting religious discrimination in violation of Title VII based on failure to accommodate and retaliation (Counts I and II) and disability discrimination in violation of the ADA based on failure to accommodate and retaliation (Counts III and IV).  ECF No. 1 at 53–59.

On January 10, 2022, Plaintiffs filed an Application for Temporary Restraining Order and for *Order to Show Cause Why Preliminary Injunction Should Not Issue*.  ECF No. 17.  On January 28, 2022, Defendants filed an Application to Strike Declaration of Frederick Reed Bates, II Attached to Plaintiffs' Reply Brief in Support of Application for Temporary Restraining Order and Preliminary Injunction.  ECF No. 36.

On February 1, 2022, the Court held a hearing on the parties' applications. ECF No. 39.  The next day, the Court issued an Order (1) Denying Plaintiffs' Application for Temporary Restraining Order and for Order to Show Cause Why Preliminary Injunction Should Not Issue and (2) Granting Defendants' Application

to Strike Declaration of Frederick Reed Bates, II ("TRO Order"). *See O'Hailpin v. Hawaiian Airlines, Inc.*, __ F. Supp. 3d __, 2022 WL 314155 (D. Haw. Feb. 2, 2022).

On February 11, 2022, Plaintiffs filed a Notice of Preliminary Injunction Appeal. ECF No. 41.

On February 16, 2022, after Defendants filed a Motion to Dismiss, Plaintiffs filed a Motion for Stay of District Court Proceedings Pending Interlocutory Appeal. ECF Nos. 47–48. The parties filed oppositions on March 2, 2022. ECF Nos. 52–53.

On March 11, 2022, the Court held a hearing on the motions. ECF No. 56.

## DISCUSSION

**I.     Motion For Stay**

Plaintiffs argue that the Court was divested of jurisdiction upon the filing of their appeal with respect to matters related to the appeal; namely, Defendants' Motion to Dismiss because it concerns the exact issues on appeal. ECF No. 48-1 at 3–4. Plaintiffs also request a stay of these proceedings pending the interlocutory appeal on the bases that: (1) no possible damage would result; (2) Plaintiffs would be burdened if forced to litigate matters that might ultimately be mooted by an unfavorable Ninth Circuit decision and they would suffer financial hardship by

concurrently litigating in two forums; and (3) justice would be served by allowing the Ninth Circuit's decision to simplify matters moving forward. *Id.* at 4–5.

Defendants dispute Plaintiffs' entitlement to an interlocutory appeal because the Order concerned a temporary restraining order ("TRO"), not a preliminary injunction ("PI"). ECF No. 53 at 8–16. Defendants additionally challenge the propriety of a stay because (1) they will be damaged by the premature and improper appeal, the piecemeal litigation, and the inability to adjudicate the Motion to Dismiss and develop the record if the Court in fact treated the TRO as a PI; (2) Plaintiffs will not suffer hardship or inequity merely because they are required to litigate their case; and (3) a stay would hinder the orderly course of justice. *Id.* at 19–23.

### A.   Improper Appeals Do Not Divest The Court Of Jurisdiction

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citations omitted). District courts are therefore divested of jurisdiction over the particular issues in an appeal when a party files a notice of interlocutory appeal. *See City of Los Angeles, Harbor Div. v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001). "This rule is judge-made; its purpose is to promote judicial economy and avoid the

confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted).

However, "[w]hen a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citation omitted); *see also United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009) ("Filing an appeal from an unappealable decision does not divest the district court of jurisdiction." (citation omitted)); *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

        **1.**    **The TRO Order Is Not Tantamount To The Denial Of A PI**

Plaintiffs have improperly appealed a non-appealable interlocutory order, so the Court is not divested of jurisdiction. Ordinarily, the denial of an application for a TRO is not an appealable final order. *See Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989). "[S]uch

appeals are considered premature and are disallowed 'in the interests of avoiding uneconomical piecemeal appellate review.'" *Id.* (citation and brackets omitted). But when the denial of an application for TRO is tantamount to the denial of a PI, an appeal may be taken. *See id.* (citation omitted). A denial of a TRO amounts to the denial of a PI if: (1) the denial "followed a 'full adversary hearing'" and (2) "'in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief.'" *Id.* (citation omitted); *see also Givens v. Newsom*, 830 F. App'x 560, 560 (9th Cir. 2020) (citation omitted).[1]

### a. Plaintiffs Did Not Request A PI

Plaintiffs insist that they have properly appealed the TRO Order because "[t]he Order explicitly denied both the TRO and the request for a preliminary injunction (and this Court addressed the factors for a preliminary injunction) after an adversarial hearing." ECF No. 48-1 at 2–3 (emphasis omitted). This statement is inaccurate. A motion for preliminary injunction was *not* before the Court. ECF No. 17 at 2 (requesting a TRO and an order for Defendants to "show cause, at a

---

[1] Under *Religious Technology Center, Church of Scientology International, Inc. v. Scott*, it is unclear whether an evidentiary hearing is a prerequisite. Although the Ninth Circuit presumed that prior precedent defined "full adversary hearing" as an evidentiary hearing, it explained that the test is not a rigid one and "that a denial of a TRO is appealable if the circumstances make it unmistakably clear that the denial 'is tantamount to the denial of a preliminary injunction.'" *Religious Tech.*, 869 F.2d at 1308–09 & n.6. A "non-evidentiary adversary hearing at which all parties were represented" may constitute a full adversary hearing when "an evidentiary hearing would have been pointless." *Id.*

time and place to be directed by the Court, why a preliminary injunction should not issue requiring Defendants to act as described above; the temporary restraining order shall remain effective until such time as *the Court has ruled on whether a preliminary injunction should issue*" (emphasis added)).  The Court *only* considered the requests for TRO and for an *order to show cause why a PI should not issue* (not a request for PI) and it denied the TRO because Plaintiffs failed to meet any of the requisite factors.  *See O'Hailpin*, __ F. Supp. 3d at __, 2022 WL 314155, at *5–13.

Plaintiffs contend that the Court's application of factors relevant to the issuance of a PI establishes that the TRO Order constitutes a denial of a PI.  Taking Plaintiffs' argument to its natural conclusion, all denials of TROs would be denials of PIs.  Because "substantially identical" standards apply to requests for TROs and PIs, *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (internal quotation marks and citation omitted), the Court's reliance on the same factors in denying the TRO did not transform the denial into a denial of PI.

### b.     There Was No Full Adversary Hearing

The factors employed in determining whether a denial of TRO is tantamount to the denial of a PI further undermine Plaintiffs' position.  While the Court held a hearing and entertained arguments from the parties, it was not an evidentiary

7

hearing. Nor would an evidentiary hearing have been pointless if Plaintiffs eventually sought a PI and the parties developed the record further.

Plaintiffs note that the Court struck Bates's Declaration, which they identify as testimony that would have been introduced during a separate PI proceeding had the Court held one. ECF No. 48-1 at 3. Again, Plaintiffs did not move for a PI, so there was no reason to hold an evidentiary adversary PI hearing. Any suggestion by Plaintiffs that striking Bates's Declaration evinces a denial of a PI is without merit. The Court principally struck Bates's Declaration on procedural grounds — the Declaration "could have and should have been submitted with the Application for TRO" and by submitting it with the Reply, Plaintiffs "unfairly deprived Hawaiian of the opportunity to respond." *See O'Hailpin*, __ F. Supp. 3d at __, 2022 WL 314155, at *4. The Court found that Plaintiffs lacked any justification for withholding Bates's Declaration when their pro hac vice counsel had submitted a similar declaration months before in another case. *See id.*

### c. Plaintiffs Were Not Foreclosed From Pursuing Further Interlocutory Relief

Even if conducting a non-evidentiary adversary hearing supports a finding that the TRO was in fact a denial of a PI, the remaining circumstances do not "make it unmistakably clear that the denial 'is tantamount to the denial of a preliminary injunction.'" *Religious Tech.*, 869 F.2d at 1309 n.6. The Court never foreclosed Plaintiffs' ability to pursue further interlocutory relief. Given the denial

8

of the TRO, there was no basis to issue an order to show cause why a PI should not issue. But Plaintiffs were not precluded from seeking preliminary injunctive relief; they simply have not done so.

### B. A Stay Is Unwarranted

Insofar as the Court is not divested of jurisdiction, there is no basis to stay the case during the pendency of the improper appeal of the TRO Order. Doing so would cause piecemeal adjudication of issues and needless delay, neither of which serves judicial economy or the parties' interests. This is especially true where, as here, the pending motion to dismiss resolves the case. Indefinitely pausing this case when it is subject to dismissal would be inefficient and a waste of resources. Plaintiffs will not be deprived of the opportunity to seek appellate review if this case is adjudicated now. Accordingly, the Court DENIES Plaintiffs' Motion to Stay.

## II. Motion To Dismiss

Defendants move to dismiss the Complaint for failure to exhaust administrative remedies, which is a necessary prerequisite for ADA and Title VII claims. ECF No. 47-1 at 1–2. Instead of addressing exhaustion, Plaintiffs restate the arguments in support of their Motion for Stay and rehash arguments pertaining to their Application for TRO. ECF No. 52.

1.   **Legal Standard**

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *See id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).

If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

## 2. Plaintiffs Failed to Exhaust Administrative Remedies

"Under Title VII, an aggrieved person wishing to bring a claim against an employer must exhaust administrative remedies by filing a charge with the [EEOC] or a qualifying state agency and receiving a right-to-sue notice." *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974) (identifying prerequisites for instituting a Title VII lawsuit as (1) timely filing a charge of employment discrimination with the EEOC, and (2) receiving and acting

11

upon the notice of the right to sue) (citations omitted).  Exhaustion is also required for ADA claims.  *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006).

The exhaustion requirement is mandatory and non-jurisdictional.  *See Fort Bend County v. Davis*, 587 U.S. __, 139 S. Ct. 1843, 1851–52 (2019).  Therefore, failure to comply subjects Plaintiffs' claims to dismissal pursuant to FRCP 12(b)(6).  *See id.* ("Defendants . . . have good reason promptly to raise an objection that may rid them of the lawsuit filed against them.  A Title VII complainant would be foolhardy consciously to take the risk that the employer would forgo a potentially dispositive defense."); *Vasquez v. Kiewit Infrastructure W., Co.*, CIV. NO. 19-00513 HG-WRP, 2020 WL 2842671, at *3 (D. Haw. June 1, 2020) ("Exhaustion of administrative remedies is subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), not for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)." (citations omitted)); *cf. Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6).  Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden.").

Here, Plaintiffs effectively *admitted* that they did not exhaust their administrative remedies *before* filing this lawsuit, as they have pending inquiries

and a charge with the EEOC.  Arizumi signed a charge on November 17, 2021, ECF No. 1-1 ¶ 32; Badiang made an inquiry on December 22, 2021, ECF No. 1-2 ¶ 22; Franks made an inquiry on December 20, 2021, ECF No. 1-3 ¶ 20; Espinosa made an inquiry on December 21, 2021, ECF No. 1-4 ¶ 19; Lum made an inquiry on December 28, 2021, ECF No. 1-5 ¶ 21; O'Hailpin made inquiries in October and November 2021, which are being consolidated into a single charge, ECF No. 1-6 ¶ 31; and Young made an inquiry on December 28, 2021, ECF No. 1-7 ¶ 19. This means that Arizumi only satisfied one of the two exhaustion requirements, while Badiang, Franks, Espinosa, Lum, O'Hailpin, and Young satisfied neither requirement.  Because Plaintiffs failed to exhaust their administrative remedies, the case must be dismissed for failure to state a claim.  Dismissal is without prejudice to refiling a new action once administrative remedies are exhausted.

//
//
//
//
//
//
//
//

## CONCLUSION

For the reasons stated herein, the Court DENIES Plaintiffs' Motion for Stay, ECF No. 48, and GRANTS Defendants' Motion to Dismiss, ECF No. 47.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, March 18, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00007 JAO-KJM, *O'Hailpin, et al. v. Hawaiian Airlines, Inc., et al.*; ORDER (1) DENYING PLAINTIFFS' MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS PENDING INTERLOCUTORY APPEAL AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS

14